UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRINZO & ASSOCIATES, LLC, on behalf of itself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>BMO HARRIS BANK N.A., BMO FINANCIAL CORP., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　　Defendants. | Civil No. 20-cv-3256<br><br>**JOINT INITIAL STATUS REPORT**<br><br>Hon. Gary S. Feinerman |

　　　The Parties, through their respective counsel, met and conferred under the Federal and Local Rules on July 17, 2020, and communicated thereafter in finalizing this joint report.

　　　**A.　　Nature of the Case**

　　　　　**1.　　Attorneys of record.**

　　　Plaintiff is represented by Richard McCune, Michele Vercoski, Derek Brandt and Leigh Perica of McCune Wright Arevalo, LLP, and anticipate that Mr. McCune and Mr. Brandt will serve as lead trial counsel. Defendants are represented by Jeffrey Jamison and Julie Aldort, of BMO Harris, and anticipate that Mr. Jamison and Ms. Aldort will serve as lead trial counsel.

　　　　　**2.　　Basis for federal jurisdiction.**

　　　Plaintiff alleges that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d); jurisdiction to grant declaratory relief under 28 U.S.C. § 2201 because an actual controversy exists between the parties as to their respective rights and obligations under 85 Fed. Reg. 20816 § (4)(c); and supplemental jurisdiction over its state law claims under 28 U.S.C. § 1367.

1

Defendants contend that, while this Court may have subject matter jurisdiction under the Class Action Fairness Act, this Court lacks subject matter jurisdiction because Plaintiff has not established Article III standing—it has not established injury in fact. Moreover, Defendants contend that this Court lacks jurisdiction to grant declaratory relief under 28 U.S.C. § 2201 because there is no actual controversy exists between the parties as to their respective rights and obligations under 85 Fed. Reg. 20816 § (4)(c). Defendants also dispute that this Court has supplemental jurisdiction of Plaintiff's state law claims.

### 3. Nature of the claims asserted.

The above-captioned case is a proposed class action arising out of the Paycheck Protection Program ("PPP") created as part of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). In its complaint, Plaintiff Prinzo & Associates, LLC alleges that the PPP requires the Defendant banks to provide "agents" who assisted borrowers with completing or submitting loan applications, and/or assisted borrowers with creating or providing supporting documentation for loan applications, a portion of the resulting compensation the lender received for processing these forgivable loans. Plaintiff alleges that each Defendant has adopted a policy of refusing to pay agent fees and that those policies do not comply with the PPP. Plaintiff contends that its professionals assisted a borrower in filling out PPP applications, and provided supporting documentation for said application, but have not been paid an agent fee by Defendants.

Defendants dispute the Plaintiff's interpretation the CARES Act and PPP—lenders are required pay self-declared agents who did not satisfy the Small Business Association's ("SBA") regulations. Moreover, Defendant contends that Plaintiff cannot satisfy its own requirements to be paid an agent fee—submitting a request for payment.

Plaintiff asserts the following claims on behalf of proposed nationwide classes of agents who have assisted PPP loan applicants in their completion and submission of their BMO Harris applications: (1) declaratory relief, (2) breach of contract – third party beneficiary, (3) violations of Illinois' Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 505/2 *et seq.,* (4) unjust enrichment, and (5) conversion. Plaintiff seeks certification of a class (Fed. R. Civ. P. 23), as well as economic, monetary, actual, consequential, compensatory, and punitive damages, attorney's fees, and costs, and an injunction and/or declaratory relief as necessary to protect the interests of the Plaintiff and the Class against Defendants.

Defendants deny that Plaintiff is entitled to any relief. Defendants also dispute that there is a basis for class certification.

### 4. The principal legal issues.

The principal legal issues include:

- Whether the Plaintiff has standing to pursue its claims.

- Whether the Defendants are obligated under the PPP to pay Plaintiff and a class of similarity situated agent fees from their receipt of PPP payments, and if so, under what circumstances and based on what documentation.

- If Plaintiff is entitled to an agent fee, when must the Defendants pay that fee.

- Whether the putative class meets the numerosity, adequacy, commonality, typicality, predominance, and superiority requirements of Rule 23.

- Whether a temporary or permanent injunction is warranted to protect the interests of the Plaintiffs and the Class.

### 5. The principal factual issues.

The principal factual issues concern: 1) whether the Plaintiff has suffered an injury in fact; 2) whether Defendants' policy was nonpayment of fees to "agents" who assisted borrowers with completing or submitting loan applications, and/or assisted borrowers with creating or providing

supporting documentation for loan applications and related Rule 23 issues; 3) whether Plaintiff satisfied its obligations under the SBA's regulations to obtain an agent fee; 4) whether Plaintiff has established that it is an "agent"; 5) whether Plaintiff's purported status as an agent was disclosed to Defendants and, if yes, when; 6) what services Plaintiff provided as an agent; 7) whether Plaintiff has properly documented its fees and services under the applicable statutes and regulations; and 8) the amount of fees, if any, owed to Plaintiff and the class of similarly situated agents.

    **6.**  **Parties yet to be served.**

All named defendants have been served.

  **B.**  **Proceedings to Date**

None.

  **C.**  **Discovery and Case Plan**

    **1.**  **Summary of Discovery.**

Deposition discovery shall comply with FRCP 30 (no more than 10 depositions per side) absent a showing of good cause, except that this limit shall not apply to: (1) expert discovery; (2) declarants offered in support or opposition to class certification; (3) non-rebuttal witness identified to testify at trial. All other discovery, including interrogatories, requests for production, and requests for admission, shall comply with the Federal Rules. The parties anticipate that there will be electronic discovery. The parties also anticipate that a protective order will be required in this case to protect confidential business and client information. The parties will submit a joint proposal regarding the ESI Protocol and Protective Order to govern this case no later than August 14, 2020.

    **2.**  **Proposed Scheduling Order**

Defendants consent to the cadence of the proposed scheduling order, but contend that discovery should be stayed and the dates set forth below reset following the resolution of Defendants' motion to dismiss to be filed on or before August 14, 2020. Defendants reserve the right to request phased discovery after the Court rules on Defendants' motion to dismiss.

Plaintiff disagrees and contends that there is no default stay of discovery pending a defendant's motion to dismiss. *See New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12C1662, 2013 WL 690613, *1 (N.D. Ill. Feb. 20, 2013) citing *SK Hand Tool Corp. v. Dresser Indus.*, 852 F.2d 936, 945 (7th Cir. 1988). A Rule 12 motion alone typically is deemed insufficient to support such an application for stay. *New England Carpenters*, 2013 WL 690613 at *2. Therefore, discovery should proceed per the applicable rules.

| Deadline | Date |
|---|---|
| Rule 26(a)(1) Disclosure Deadline | August 31, 2020 |
| Deadline for issuing first round of written discovery | September 21, 2020 |
| Deadline for amending pleadings and adding parties without leave of Court | September 7, 2020 |
| Plaintiff's Motion for Class Certification | March 1, 2021 |
| Defendants' Response to Class Cert Motion | April 15, 2021 |
| Plaintiff's Reply for Class Certification | May 17, 2021 |
| Plaintiff's Expert Disclosure Deadline | March 1, 2021 |
| Plaintiff's Expert Deposition Deadline | March 22, 2021 |
| Defendant Expert Disclosure Deadline | April 15, 2021 |
| Defendant Expert Deposition Deadline | May 6, 2021 |
| Plaintiff's Rebuttal Expert Disclosure Deadline | May 17, 2021 |
| Deadline for completing Fact discovery | June 1, 2021 |
| Dispositive Motion Deadline | June 15, 2021 |

    **3.    Jury demand.**

Plaintiff has demanded jury trial.

    **4.    Trial.**

The parties believe a decision regarding the length of trial or the earliest possible trial date should be deferred until: (1) Defendants' motion to dismiss is resolved; and (2) issues of class certification are resolved.

D. **Settlement**

The parties have not yet engaged in any settlement discussions. At this time, the parties do not request a settlement conference.

E. **Magistrate Judge**

The parties respectfully decline to consent to proceed before a Magistrate Judge. As of this date, no matters have been referred to a Magistrate Judge.

**DATED: July 27, 2020**                                **Respectfully Submitted,**

/s/ Richard D. McCune
Richard D. McCune (pro hac vice)
Michele M. Vercoski (pro hac vice)
**MCCUNE WRIGHT AREVALO, LLP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Tel: (909) 557-1250
RDM@mccunewright.com
MMV@mccunewright.com

Derek Y. Brandt (#6228895)
Leigh M. Perica (#6316756)
**MCCUNE WRIGHT AREVALO, LLP**
231 North Main Street, Suite 20
Edwardsville, Illinois 62025
Tel: (618) 307-611
Fax: (618) 307-6161
DYB@mccunewright.com
LMP@mccunewright.com

*Counsel for Plaintiff Prinzo & Associates, LLC*

/s/ Jeffrey E. Jamison (with consent)
Jeffrey E. Jamison
**BMO HARRIS BANK N.A.**
111 West Monroe
19th Floor
Chicago, IL 60603
Tel: (312) 461-4694
jeffrey.jamison@bmo.com

Julie Rodriguez Aldort
**BMO HARRIS BANK N.A.**
111 W. Monroe Street
Fl. 19E
Chicago, IL 60603
Tel: (312) 461-7905
julie.aldort@bmo.com

*Counsel for Defendants BMO Harris Bank N.A. and BMO Financial Corp.*

## CERTIFICATE OF SERVICE

I, Richard D. McCune, an attorney, hereby certify that the foregoing **JOINT INITIAL STATUS REPORT** was electronically filed on July 27, 2020 and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

      /s/ Richard D. McCune