**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PRINZO & ASSOCIATES, LLC, on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>BMO HARRIS BANK N.A., BMO FINANCIAL CORP., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Civil No. 20-cv-3256<br><br>Hon. Gary S. Feinerman |

**JOINT PROTOCOL AND [PROPOSED] ORDER FOR THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION (ESI)**

      The parties respectfully submit the following joint proposed protocol governing the production of electronically stored information ("ESI") in the above-captioned matter

      1.      **Production Format**. For all discovery requests in which electronically stored information ("ESI") is reasonably available and responsive, the responding party shall produce such information in single-page, black and white, Group IV Tagged Image File Format ("TIFF") with 1 Bit depth of at least 300 dpi with an agreed-upon accompanying load file (e.g., Concordance *.opt and *.dat) and an accompanying multi-page extracted text file (*.txt). TIFF files shall be named with a unique production Bates number followed by the appropriate file extension, .tif. Page size shall be 8.5 x 11 inches, unless in the reasonable judgment of the producing party, a particular item requires a different page size. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. The parties will produce non-redacted Excel, PowerPoint documents,

photographs, and multimedia audio/visual files such as voice and video recordings (e.g., .wav, .mpeg, and .avi) in native format, except when such files contain information designated as privileged. If such documents contain privileged information, redacted images will be produced. If such privileged documents cannot be rendered into images for the purposes of redacting, then modified natives will be produced. For files produced in native format, the producing party shall provide a single-page TIFF slipsheet with the applicable Bates stamp and confidentiality designation, if applicable, indicating that a native item was produced. Native files shall be named with a unique production bates number and confidentiality designation, if applicable. The corresponding load (.DAT) file shall include a NativeFilelink, which provides the relative path linking information for each native file that is produced. In addition, productions shall comply with the following:

    a.    Word documents shall be produced reflecting track changes and comments in the TIFF images if this information was in the document as it was stored;

    b.    PowerPoint documents and other presentations shall be produced with speaker notes and hidden slides if this information was in the document as it was stored;

    c.    Excel documents shall be produced in their native format;

    d.    The Parties will produce black and white images. The Parties will produce a document in color, if the color in the document is needed to understand the context of the document.

    e.    The parties will produce hardcopy documents as scanned images in TIFF format;

    f.    For hardcopy documents that are collected the scanned images produced shall designate the custodian or source name in the metadata field "Custodian";

    g. To the extent practicable, hardcopy Documents shall be unitized using logical document determinations or "LDD."

    h. Where a Document or group of Documents has an identification spine, "post-it note," or any other label, the information on the label shall be scanned and produced to the extent practicable.

    i. The metadata associated with each hardcopy Document need only identify the Bates number, the custodian associated with that hardcopy Document, and any Confidential Designation or Redaction applied to that Document.

    j. The Parties agree that if any part of a document (including any part of an Email or its attachments) is responsive, the entire document (including any entire Email and/or attachments) will be produced, except to the extent that any Email or attachment is withheld or redacted on the basis of privilege or work-product protection (in which case it shall be included in a privilege log).[1]

  2. **System Files**. System and program files, including those as defined by the NIST library (http://www.nsrl.nist.gov/), commonly used by e-discovery vendors to exclude system and program files from document review and production, need not be processed, reviewed, or produced. Additional files may be added to the list of excluded files by agreement of the parties.

  3. **De-duplication.** To the extent that exact duplicate documents (based on MD5 or SHA-1 hash values at the document level or by message ID and other standard vendor methodology for email) reside within a party's ESI data set, each party shall use best efforts to produce a single complete copy of a responsive document or record. A producing party may not suppress an attachment if a duplicate standalone version of the attachment exists or if a standalone

---

[1] *See also* Paragraph 9.

version of a document is a duplicate version of an attachment to a parent email. An "All Custodian" field containing the identity of each data source or custodian to a single document shall be provided as a metadata field in the production data file.

4. **Parent-Child Relationships.** The relationship between attachments, enclosures, embedded files, and/or exhibits to any parent document shall be preserved. "Attachments" (also known as "Children") and their "Parent" documents are a "Family" of documents. Children should be located directly after their Parent in the production set and should be sequentially Bates numbered. The child-document should be consecutively produced immediately after the parent-document. Each document shall be produced with the production number for the first and last page of that document in the "BegBates" and "EndBates" fields of the data load file and with the "BegAttach" and "EndAttach" fields listing the production number for the first and last page in the document family.

5. **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such request, the producing party shall produce the document in its native format, which shall include the original metadata for the document.

6. **Delivery**. The preferred means of producing documents is via secure FTP or secure file share. However, documents may also be produced via flash drive, or hard drive if (a) the size of the production exceeds the size limitations applicable to the producing party's secure FTP or file share or (b) if the interest of preserving the confidentiality of the information produced outweighs the speed and efficiency of producing documents via secure FTP or secure file share. To the extent possible, physical media should be encrypted using standard encryption software and methods before it is produced.

7. **Naming Convention for Production Media**. Whether produced via secure FTP, file share, or physical media, the files produced should be combined into a compressed file such as .zip, .rar, etc. The compressed file should be named so as to indicate the producing party, the date of the production, and the sequence of the production (e.g., "[Producing Party Name]_Production_20200813-001").

8. **Bates numbering**. All images shall be assigned a Bates number that must always: (1) be unique across the entire document production; (2) maintain a constant length (0- padded) across the entire production; and (3) be sequential within a given document.

9. **Privilege logs**. The parties agree to serve a privilege log in Excel format providing information regarding all documents withheld or redacted under a claim of privilege and/or work-product. The privilege log should include columns that identify at least the following information: BegBates; EndBates; BegAttach; EndAttach (for redacted documents produced); Date; Custodian; Subject/Filename; From; To; CC; Bcc; a Description of the nature of the document or communication; and the Privilege Type asserted (for redacted documents produced and documents withheld). If necessary to prevent disclosure of privileged information, the Subject/Filename field may be redacted. The parties agree that communications involving trial counsel need not be placed on a privilege log to the extent they involve the preparation or litigation of this action.

10. **Redactions**. The parties agree that where ESI items need to be redacted, they shall be produced in TIFF format with each redaction clearly indicated, or where TIFF format is not practicable, in redacted native format (i.e. modified natives), as noted below. Any unaffected data fields shall be provided. The redaction of any material for privilege or other reason shall be governed by the applicable rules and case law regarding privilege and the provisions contained in the Protective Order entered in this action. Documents that are to be produced in native format,

but that require redactions may be produced as TIFF images with the relevant portions redacted, or if a TIFF image production is not practicable (e.g., the file is a video or very large spreadsheet), the Producing party may produce a copy of the native file (i.e. modified native) with the relevant portions replaced with "REDACTED" or a similar mark. If modification of a native file is required for redaction purposes, metadata information associated with that file should remain unchanged, unless it also requires redaction. For each document that is redacted, a Redaction field will be populated with the word "REDACTED" in the .DAT file. Also, the producing party will keep a pristine original copy of the native document. Each redacted document shall be produced with an OCR redacted .txt file.

11. **Obligation to Preserve**. The Parties shall have a continuing obligation to take reasonable and proportional steps to identify and preserve custodial and non-custodial ESI sources that may contain information that is relevant to the claims and defenses in this litigation. If a producing party is aware of inaccessible data that is likely to contain unique, discoverable ESI, it will identify the source from which it claims the data is not reasonably accessible to the receiving party.

12. **Databases**. To the extent necessary, the parties will meet and confer regarding production of relevant information from proprietary databases or enterprise databases, or "structured data." In lieu of producing any databases by the discovery due date, the parties will meet and confer prior to the production date to gain an understanding of the relevant fields in the database, agree upon a set of queries to be made for discoverable information, and generate a report in a reasonably usable and exportable electronic file (e.g., Excel or CSV format) for review by the requesting party. Upon review of the report(s), the requesting party may make reasonable requests for additional information to explain the database schema, codes, abbreviations, and different report formats, or to request specific

data from identified fields, platforms, and cloud-based ESI. The parties agree that non-custodial ESI will be preserved during this litigation.

13. **ESI Processing, Filtering, Review, and Production**. The process for identification, review, and production of potentially responsive information may consist of: (1) loading of ESI into a review platform selected by the producing party; (2) the application of file type, date, and other metadata filters; (3) the use of search terms; (4) deduplication of identical files; (5) the use of analytics technologies, including email threading, clustering, categorization, and technology-assisted review; (6) attorney review for responsiveness and privilege or other protection from disclosure; and (7) production of responsive, non-privileged ESI in the format described herein. If Analytics or Technology Assisted Review (TAR), with the exception of email threading, will be used by a producing party, that party will notify the opposing party to discuss the protocol for that type of review.

14. **TAR and Document Analytics**. If a producing party is using TAR or other advanced technology methods, with the exception of email threading, the producing party agrees to disclose this fact in advance to the receiving party. If any party has disagreements regarding any aspect of the application of TAR, the parties will meet and confer regarding a TAR protocol and attempt to resolve such dispute(s) prior to seeking judicial intervention.

15. **Compressed Files and Encrypted Files**. Compressed file types (i.e., .CAB, .GZ, .TAR .Z, .ZIP) shall be decompressed in a reiterative manner to ensure that a zip within a zip is decompressed into the lowest possible compression resulting in individual files. The Producing Party will take reasonable steps, prior to application of search terms or TAR, to unencrypt any discoverable electronically stored information that exists in encrypted format (e.g., because password-protected) and that can be reasonably unencrypted, so that the document can be included in the searchable population, reviewed, and/or produced.

16. **<u>Printing Specifications for Excel and PowerPoint files.</u>** For Excel and PowerPoint type files that are printed to TIFF for redaction and redacted, the following printing options shall be enabled:

| **Excel Print to TIFF Options** |
|---|
| <ul><li>Unhide columns and rows</li><li>Unhide worksheets</li><li>Autofit columns and rows, settings to be over by columns first and, then down by rows</li><li>Wrap text</li><li>Print gridlines</li><li>Do not apply Autofilter</li><li>Display headings</li><li>Display comments</li><li>Header and Footer filename field handling: Show field code</li></ul> |
| **PowerPoint Print to TIFF Options** |
| <ul><li>Print notes pages</li><li>Print hidden slides</li><li>Print comments</li></ul> |

The producing party shall also make reasonable efforts to ensure that any spreadsheets produced only as TIFF images because of redactions are formatted so as to be legible. For redacted items which were originally ESI, all metadata fields noted in this protocol that do not contain privileged or protected information will be provided and will include all non- redacted data. A document's status as redacted does not relieve the producing party from providing all of the metadata required herein.

17. **<u>Meet and Confer Obligations</u>**. The parties recognize that the production of electronic documents often involves unforeseen issues and difficulties and therefore agree to act in good faith to negotiate any modifications to these production guidelines that are reasonably necessary to avoid undue cost or burden. To the extent there is any dispute with respect to the

provisions of this Order, or with the method(s) or manner(s) of the production of ESI, the parties shall meet and confer in an attempt to resolve such dispute(s) prior to seeking judicial intervention.

18. **Third Party Productions (i.e., entities whose documents are not in the control of the parties in the lawsuit)**. A party that issues a non-Party subpoena shall timely notify other parties when it receives non-party productions, and shall within seven (7) days of receipt, timely provide copies of such productions in the format in which they were received from the third-party.

19. **Preservation**. The parties shall discuss their preservation obligations and needs to ensure that potentially relevant ESI will be preserved in a manner that is reasonable and proportionate. The parties will work together in good faith to reduce the costs and burdens of preservation and to ensure proper ESI is preserved.

20. **Time Zone Standard**. Whenever possible, when the producing party produces time information, it will produce using Universal Time Coordinated [UTC].

**APPENDIX 1: ESI METADATA AND CODING FIELDS**

The chart below describes the metadata fields to be produced, where reasonably available, in generic, commonly used terms which the producing party is to adapt to the specific types of ESI it is producing, to the extent such metadata fields exist associated with the original electronic Documents and are automatically generated as part of the electronic data discovery process. Any ambiguity about a metadata field should be discussed with the receiving party prior to processing the subject ESI for production.

| Field Name | Field Description |
|---|---|
| BegBates | First Bates number (production number) of an item. |
| EndBates | Last Bates number (production number) of an item.<br>**The EndBates field should be populated for single-page items. |
| | |
| BegAttach/Group ID | First Bates number of family group. |
| EndAttach | Last Bates number of attachment range (i.e., Bates number of the last page of the last attachment). |
| PgCount | Number of pages in the item. |
| Custodian | Name of person or data source from whose/which files the item is produced. |
| FileSize | Size (in kilobytes) of the source native file. |
| All Custodians | Identifies all Custodians for which a single duplicate document was collected |
| DuplicateFilename | If collected from multiple sources, the name of each additional file. |
| HashValue | The MD5 or SHA-1 or IntMsgID hash value of the item. |
| NativeFileLink | Relative path for documents provided in native format only.<br>**The linked file must be named per the BegBates value. |

| Field Name | Field Description |
| --- | --- |
| RecordType | Indicates item type (e.g., email, edoc, attachment). |
| FileType OR Relativity Native Type | E.g., Outlook, Adobe Acrobat, MS Word, etc. |
| FileExtension OR DocExtension | Indicates file extension of the file (e.g., .docx, .pptx). |
| DateSent (mm/dd/yyyy) | Date and time email or calendar item was sent. |
| Date Sort | The parent email date [UTC time zone] |
| DateReceived | Date and time email or calendar item was received. |
| To | The names and/or SMTP email addresses of all recipients that were included on the "To" line of the email or calendar item. |
| From | The name and/or SMTP email address of the sender of the email or calendar item. |
| CC | The names and/or SMTP email addresses of all recipients that were included on the "CC" line of the email or calendar item. |
| BCC | The names and/or SMTP email addresses of all recipients that were included on the "BCC" line of the email or calender item. |
| Number of Attachments OR Attachment Count | Number of attached, embedded or grouped items. |
| DateCreated (mm/dd/yyyy) | Date and time the item was created. |
| Last Mod (mm/dd/yyyy) OR DateMod | Date and time the item was last modified. |
| FileName | The filename of the source native file for an ESI item. |
| Title OR DocTitle | Any value populated in the Title field of the source file metadata or item properties. |

| Field Name | Field Description |
|---|---|
| Subject/E-Mail Subject | Any value populated in the Subject field of the source file metadata or document properties (e.g., subject line of email or calendar item). |
| Author | Creator of the document; any value populated in the Author field of the source file metadata or document properties. |
| TextPath | Full relative path to the location of the document-level text file. |
| Redacted OR "Production: Has Redactions Field" | User-generated field that will indicate redactions with the word "REDACTED." Otherwise, blank. |
| Confidentiality | User-generated field that will indicate confidentiality with the word "CONFIDENTIAL." Otherwise, blank. |

**SO ORDERED.**

Dated: _____
U.S. District Judge

As Stipulated,

*/s/ Leigh M. Perica*
Derek Y. Brandt (#6228895)
Leigh M. Perica (#6316756)
**MCCUNE WRIGHT AREVALO, LLP**
231 North Main Street, Suite 20
Edwardsville, Illinois 62025
Tel: (618) 307-611
Fax: (618) 307-6161
DYB@mccunewright.com
LMP@mccunewright.com

Richard D. McCune (pro hac vice)
Michele M. Vercoski (pro hac vice)
**MCCUNE WRIGHT AREVALO, LLP**
3281 East Guasti Road, Suite 100
Ontario, California 91761

Dated: August 14, 2020

*/s/ Jeffrey E. Jamison*
Jeffrey E. Jamison
**BMO HARRIS BANK N.A.**
111 West Monroe
19th Floor
Chicago, IL 60603
Tel: (312) 461-4694
jeffrey.jamison@bmo.com

Julie Rodriguez Aldort
**BMO HARRIS BANK N.A.**
111 W. Monroe Street
Fl. 11E
Chicago, IL 60603
Tel: (312) 461-7905
julie.aldort@bmo.com

Tel: (909) 557-1250
RDM@mccunewright.com
MMV@mccunewright.com

*Counsel for Plaintiff Prinzo & Associates, LLC*

*Counsel for Defendants BMO Harris Bank N.A. and BMO Financial Corp.*