IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Prinzo & Associates, LLC, on behalf of itself and all others similarly situated,<br><br>   Plaintiff,<br>  v.<br><br>BMO Harris Bank N.A.; BMO Financial Corp., a Delaware corporation; and Does 1-100, inclusive,<br><br>   Defendants. | Case No. 1:20-cv-3256<br><br>Hon. Gary S. Feinerman |

**MOTION TO DISMISS OF DEFENDANTS
BMO HARRIS BANK N.A. AND BMO FINANCIAL CORP.**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants BMO Harris Bank N.A. and BMO Financial Corp. ("Defendants") move to dismiss this action. As grounds for this motion, as more fully outlined in Defendants' Memorandum in Support of Their Motion to Dismiss, Defendants state as follows:

1. Defendants respectfully request that this Court dismiss Plaintiff's facially defective Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because: (i) Plaintiff lacks Article III standing-- Plaintiff does not allege an injury in fact, much less that its claims are ripe for adjudication; and (ii) Plaintiff fails to set forth sufficient factual allegations to state a claim for relief for any of its claims.

2. Plaintiff, Prinzo & Associates ("Plaintiff"), filed this class action lawsuit seeking its fees in connection with assisting an unnamed small business in applying for a Payroll

      Protection Program ("PPP") loan through BMO Harris.

3. Plaintiff, however, is not entitled to these fees for two primary reasons:

    (i) Plaintiff does not (and cannot) allege that it complied with the Small Business Administration's ("SBA") requirements to be eligible for its purported fees; and

    (ii) Despite Plaintiff's allegation that it is required, at a minimum, to submit a "request for fee payment to the lender with the agent's fee based upon [] the work performed for the client," (Compl. ¶34) Plaintiff does not (and cannot) allege that it made such a request.

4. As a result of these failings, this Court should dismiss the action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because: (i) Plaintiff has not suffered an injury in fact; and/or (ii) Plaintiff's claims, to the extent it has any, are not yet ripe for adjudication.

5. In the alternative, the Plaintiff fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6), and should be dismissed with prejudice, for the following reasons:

    (i) Plaintiff's declaratory judgment and state law claims fail because Plaintiff seeks only to enforce provisions of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") and/or SBA regulations—for which there is no private right of action. The United States Supreme Court has rejected this tactic as an impermissible attempt to create a private right of action where none exists. When a plaintiff's suit is "in essence a suit to enforce" a federal statute lacking a private right of action, it is "incompatible with the statutory

regime" to allow common-law claims predicated on alleged violations of that federal standard. *Astra USA, Inc. v. Santa Clara County*, 563 U.S. 110, 118 (2011).

(ii) Plaintiff's state law claims also fail in substance because Plaintiff either failed to plead the necessary elements to support its claims and/or lacks standing to assert the claims in the first place.

(iii) Plaintiff's breach of contract, third party beneficiary claim (Count II) fails because Plaintiff was not a direct beneficiary of the agreement between BMO Harris and the SBA.

(iv) Plaintiff's Illinois Consumer Fraud And Deceptive Business Practices Act (ICFA) claim (Count III) fails because Plaintiff: (a) lacks standing under ICFA as a non-resident business; (b) does not assert any deceptive acts, much less with the required specificity; (c) does not allege any "unfair" conduct—there is nothing improper with requiring compliance with SBA regulations.

(v) Plaintiff's unjust enrichment claim (Count IV) is dead on arrival because: (i) the other claims it is dependent on failed; and (ii) Plaintiff cannot allege that BMO Harris unjustly retained a benefit that Plaintiff is not entitled to receive.

(vi) Plaintiff's conversion claim (Count V) also fails because it does not allege a proper demand for payment, much less that Plaintiff was even entitled to the payment.

(vii) Finally, Plaintiff's claims against BMO Financial Corp. should be dismissed because Plaintiff fails to assert any facts directed against BMO Financial Corp. Despite Plaintiff's general allegation that "Defendants" made PPP loans but

3

    refused to pay agent fees to Plaintiff, the Complaint does not allege that BMO Financial Corp. made any PPP loans, much less the one to the Plaintiff's alleged client. Nor could Plaintiff, as BMO Financial Corp. did not make or fund PPP loans, and does not appear on the SBA's list of eligible PPP lenders.

6. In further support of and grounds for this motion, Defendants refer to and rely upon its Memorandum in Support, filed concurrently.

WHEREFORE, defendants BMO Harris Bank N.A. and BMO Financial Corp. respectfully move to dismiss Plaintiff's Complaint: (1) for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or, (2) in the alternative, with prejudice under Fed. R. Civ. P. 12(b)(6) because there is no private right of action for the purported acts or omissions alleged, there is no right to such relief under Illinois law, and such defects cannot be cured by amendment. Further, Defendants requests such other relief that the Court deems just and proper.

Dated August 14, 2020

Respectfully submitted,

*/s/Jeffrey E. Jamison*
Jeffrey E. Jamison
Julie Rodriguez Aldort
BMO Harris Bank N.A.
111 West Monroe
Chicago, IL 60606
Tel. (312) 461-4694
Email: jeffrey.jamison@bmo.com
Email: julie.aldort@bmo.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the aforementioned document was filed through the Court's CM/ECF system on August 14, 2020. Parties of record may obtain a copy through the Court's CM/ECF system. The undersigned certifies that no party of record requires service of documents through any means other than the CM/ECF system.

/s/ Jeffrey E. Jamison